UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61383-CIV-COHN/SELTZER

JOHN A. ORLANDO,

    Plaintiff,

vs.

BROOKE ALBURTUS, individually and as
Executrix of the Estate of WILLIAM ALBURTUS,
and JAMES McCOOL,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**THIS CAUSE** is before the Court upon Defendant Brooke Alburtus' Motion to Dismiss for Lack of Personal Jurisdiction [DE 8]. The Court has carefully considered the Motion, Plaintiff's Response [DE 10], the parties' competing declarations [DE's 8-1 and 10-1] and is otherwise fully advised in the premises. No reply was filed by the deadline of September 27, 2010.

### I.  BACKGROUND

On August 4, 2010, Plaintiff John Orlando ("Plaintiff") filed suit against Defendants Brooke Alburtus ("Defendant") and James McCool alleging various claims, including breach of contract, conversion, breach of fiduciary duty, equitable fraud and fraud in the inducement. The claims arise from an investment of over $75,000 by Plaintiff in a medical transportation company in New Jersey based upon representations from William Alburtus, now deceased. Plaintiff alleges that despite wiring money for the purpose of making this investment, he has never received any

shares in the medical transportation company, nor a refund of the monies he invested. Plaintiff further alleges that Defendant, a resident of New Jersey, and Defendant James McCool, a resident of Pennsylania, "have operated to perpetuate the fraud," and have assisted and continued the fraud by not returning Plaintiff's money. Compl., ¶¶ 18, 36, 41. Defendant is sued both individually and as executrix for the estate of William Alburtus. Defendant moves to dismiss this case for lack of personal jurisdiction.[1]

## II. PERSONAL JURISDICTION

The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. When jurisdiction is based on diversity, Rule 4(e) of the Federal Rules of Civil Procedure requires that assertion of jurisdiction be determined by the state long-arm statute. Cable/Home Communication Corporation v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990); Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998). If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989). Only if both prongs of the Due Process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident

---

[1] On September 28, 2010, Plaintiff moved for entry of default against Defendant James McCool. On September 30, 2010, the Clerk entered the default.

defendant.  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir. 1996) (citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990); International Shoe Co. v. Washington, 326 U.S. at 316, 66 S.Ct. at 158).

When the district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a *prima facie* case of personal jurisdiction over a nonresident defendant.  See Cable/Home Communication, 902 F.2d at 855.  A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.  E.g. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted).  The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits.  However, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff.  Robinson, 74 F.3d at 255 (11th Cir. 1996) (citing Madara, 916 F.2d at 1514).

### A.  Florida Long-Arm Statute

Defendant does not address the Florida long-arm statute in her brief.  Plaintiff's response argues that this Court has specific jurisdiction pursuant to Fla. Stat. § 48.193(1), because Defendant allegedly committed a tort in the state of Florida and caused injury to someone in Florida.  To support a finding of specific long-arm jurisdiction there must be a nexus between the cause of action and the contacts with Florida.  Northwestern Aircraft Capital Corp v. Stewart, 842 So.2d 190, 193 (Fla. 5th DCA 2003).  Plaintiff has shown this nexus in this action.  Defendant Brooke Alburtus'

lack of physical presence in Florida does not preclude a finding under § 48.193 that a party committed a tort in Florida, where the cause of action arises from a nonresident defendant's telephonic, written, or electronic communications.  Wendt v. Horowitz, 822 So.2d 1252, 1257-58 (Fla. 2002).  Although Plaintiff's only allegation is that the tort was committed by Defendant's agent, the Court concludes, largely as a matter of default, that Plaintiff has shown that Brooke Alburtus is subject to Florida's long arm statute, pursuant to § 48.193 (1)(b) or (1)(f)(1).

### B.   Due Process

Having concluded that Defendant's contacts with Florida subject her to specific jurisdiction under Florida's long-arm statute, the Court must now evaluate whether Defendant's contacts meet the requirements of due process.  The due process component of personal jurisdiction involves a two-part inquiry.  In the first prong, the Court must consider whether Defendant engaged in minimum contacts with the state of Florida.  In the second prong, the Court must consider whether the exercise of personal jurisdiction over Defendant would offend "traditional notions of fair play and substantial justice."  Cronin v. Washington Nat'l Ins. Co., 980 F.2d 663, 670 (11th Cir. 1993) (citing International Shoe Co., 326 U.S. at 316, 66 S.Ct. at 158; Madara, 916 F.2d at 1515-16).

#### 1.  Minimum Contacts

Minimum contacts involve three criteria:  First, the contacts must be related to the plaintiff's cause of action or have given rise to it.  Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum,

thereby invoking the benefits and protections of its laws. Finally, the defendant's contacts within the forum state must be such that it should reasonably anticipate being hailed into court there. <u>Sculptchair, Inc. v. Century Arts, Ltd.</u>, 94 F.3d 623, 631 (11th Cir. 1996).

Although Plaintiff's assertions were enough to satisfy the requirements of Florida's long-arm statute, they do not meet the requirements of the due process component. Defendant has no offices, telephone, bank account, or property of any kind in the state of Florida. Defendant has not lived in Florida or ever conducted business in Florida. The only alleged contacts with Florida were those of Defendant's father, William Alburtus, who allegedly acted as an agent for Defendant. This allegation is based merely upon information and belief. Declaration of John Orlando, ¶6 [DE 10-1]. Even construing all reasonable inferences in favor of the Plaintiff, the evidence of Brooke Alburtus' contacts is insufficient to meet Plaintiff's burden for personal jurisdiction.

The best Plaintiff can show is that the alleged contacts are related to the cause of action. There is no evidence that Brooke Alburtus had any purposeful contact with the state of Florida, other than visiting her in-laws. The fact that her email address is used on the form sent to Plaintiff for purposes of making a claim upon the Estate of William Alburtus does not constitute purposeful availment of doing business in Florida, as the form was sent upon a request for information. In addition, there are no contacts that would make Brooke Alburtus reasonably anticipate being hailed into court in Florida.

## 2.  Traditional Notions of Fair Play and Substantial Justice

In this Circuit, the factors to decide whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice" are: 1) the burden on the defendant in defending the lawsuit; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and, 5) the shared interest of the states in furthering fundamental substantive social policies.  Cronin, 980 F.2d at 671 (citing Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987); Madara, 916 F.2d at 1517).

As with the first prong of the due process component, Plaintiff has also failed to demonstrate how an action against Defendants in this Court does not offend the traditional notions of fair play and substantial justice.  Defendant is an individual residing in New Jersey.  The allegedly tortious acts in this case were done by Defendant's father.  While those acts took place in Florida, Plaintiff has nothing more to show that William acted as his daughter's agent than a conclusory statement based upon "information and belief."  Although with modern technology, travel is not as onerous as it once was, there does not appear to be a justification for resolution in this jurisdiction that warrants the burden it places on Defendant.[2]  Although Florida does have an interest in adjudicating the dispute of an alleged tort upon one of its residents, the Court concludes that personal jurisdiction over Defendant Brooke Alburtus is improper under both prongs of the due process component.

---

[2] Defendant could be sued in New Jersey under 28 U.S.C. § 1391(a) (1).

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Brooke Alburtus' Motion to Dismiss for Lack of Personal Jurisdiction [DE 8] is hereby **GRANTED**;

2. The claims against Defendant Brooke Alburtus are dismissed without prejudice for lack of personal jurisdiction;

3. Plaintiff shall file a motion for default judgment against Defendant James McCool within 20 days of today's order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5th day of October, 2010.

_____
JAMES I. COHN
United States District Judge

copies to: counsel of record